UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CHEVRON U.S.A. INC.

VERSUS

CIVIL ACTION

NO. 08-76-JJB

ENERGEN RESOURCES
CORPORATION

**RULING ON MOTION TO DISMISS**

This matter is before the court on a Motion to Dismiss filed by third party defendant, Southern Bay Energy, LLC.   Doc. 21.   Third party plaintiff, Energen Resources Corporation, has filed an opposition.  Doc. 27.  Sur-reply briefs have been filed by Energen and Southern Bay.  There is no need for oral argument.  Jurisdiction is allegedly based upon diversity of citizenship.

This action arises from oil and gas operations conducted by the predecessor of Chevron USA, Inc., under a mineral lease, referred to as the "Gay Union Lease." Chevron claims that Energen, through a series of assignments, is liable for remediation, defense and indemnification costs associated with certain lawsuits brought under the Gay Union Lease.  Energen in turn filed a third party demand against Southern Bay, claiming that it has assumed the liabilities at issue pursuant to a series of assignments, mergers and acquisitions.

Southern Bay now moves to dismiss Energen's third party complaint on the basis that the alleged flow of obligations to Southern Bay is legally flawed under basic corporate law principles.   To resolve the motion, the court must first turn to the allegations of the third party complaint.

According to the third party demand, Energen has been sued as the successor of Total Minatome Corporation.  Total allegedly transferred the obligations at issue to LaTex Petroleum Corporation by virtue of an act of assignment and a purchase and sale agreement.   The parent of LaTex Petroleum—LaTex Resources—allegedly merged thereafter with Alliance Resources, PLC.  Alliance allegedly assumed the liabilities of LaTex Resources and its subsidiary LaTex Petroleum by virtue of the merger.  Thereafter Alliance's stock was acquired by AROC, allegedly vesting AROC with the oil and gas interests of Alliance.  Finally, Southern Bay allegedly "acquired all of the oil and gas assets of AROC, including the Gay Union Lease."

Southern Bay's first argument is that AROC's alleged "acquisition of Alliance's stock" is legally insufficient to transfer ownership of Alliance's oil and gas interests, despite Energen's assertion to the contrary.   Southern Bay argues that, under fundamental tenets of corporation law, acquisition of shares in a corporation does not equate to acquisition of property owned by the corporation.

In response, Energen seeks to amend to "clarify" that there was in fact a merger between Alliance and AROC at that time (not just a stock acquisition).  Under Fed. Rule Civ. P. 11, amendments should be "freely" allowed and the court finds no valid reason for refusing to allow the amendment herein.

Consequently, the court finds that the first argument raised by Southern Bay is now a moot point, as Southern Bay recognizes that a merger of corporate entities constitutes a transfer of assets and liabilities to the surviving corporation. Doc. 28, at page 2.

Southern Bay next contends that there is a disconnect in tracing the liabilities from Tex Petroleum (the subsidiary) to Alliance.  According to Southern Bay, the alleged merger between La Tex Resources (the parent) and Alliance is irrelevant as the parent corporation does not own the property of the subsidiary.  Southern Bay cites *Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003) ("A corporate parent which owns the shares of a subsidiary does not, for that reason alone, own or have legal title to the assets of the subsidiary…"

In response, Energen seeks to amend its third party demand to allege that "upon information and belief" LaTex Resources owned the oil and gas properties along with its subsidiary LaTex Petroleum, at the time of the merger with Alliance.   In response, Southern Bay argues that LaTex Resources cannot have acquired a direct ownership interest pursuant to the merger when LaTex Petroleum had exclusive ownership.

Southern Bay takes issue with the factual allegations of the proposed amendment.  On a motion to dismiss for failure to state a claim, the court must accept the well pled allegations as being true.[1]  As the court finds no grounds for disallowing the proposed amendment, the request to amend is hereby granted.  The court finds that the amendment is sufficient to survive the motion to dismiss stage of these proceedings.

---

[1] While the court must "accept the factual allegations as true," plaintiff must still have "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly,  127 S.Ct. 1955 (2007). While the proposed amendment is somewhat ambiguous, it is nevertheless plausible.

Accordingly, Energen's requests to amend (docs. 27 and 29) are hereby GRANTED and Southern Bay's motion to dismiss (doc. 21) is hereby DENIED.

Baton Rouge, Louisiana, this 19th day of October, 2008

_____
JAMES J. BRADY
DISTRICT JUDGE