UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA


CHEVRON U.S.A., INC.

CIVIL ACTION

VERSUS

NO. 08-76-JJB

ENERGEN RESOURCES CORP. ET AL.

## RULING ON MOTION FOR RECONSIDERATION

Before the Court is a motion (doc. 87) filed by plaintiff, Chevron U.S.A., Inc. ("Chevron"), seeking reconsideration of the Court's ruling (doc. 86) of August 4, 2009, which denied Chevron's motion (doc. 55) for summary judgment. Defendant, Energen Resources Corp. ("Energen"), filed an opposition. (Doc. 97.) Chevron filed a reply (doc. 94) and Energen filed a surreply (doc. 97). The Court held oral argument on October 7, 2009. For the following reasons, the Court GRANTS Chevron's motion for reconsideration and VACATES the ruling of August 4, 2009.

## Analysis

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, district courts have discretion to reconsider interlocutory rulings. *Zapata Gulf Marine Corp. v. Puerto Rico Mar. Shipping Auth.*, 925 F.2d 812, 814-15 (5th Cir. 1991); *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d

1

471, 474-75 (M.D. La. 2002).[1]   Although courts are concerned with principles of finality and judicial economy, "the ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *American Canoe Ass'n, Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003) (although not controlling on this Court, this case provides an excellent explanation of motions for reconsideration and the applicable legal standards).   As a result, the Court retains jurisdiction under Rule 54(b) over all claims in a suit and may alter any earlier decision at its discretion until final judgment has been issued.   However, a motion for reconsideration based upon the same arguments only serves to waste the valuable resources of the court. *See Shields v. Shelter*, 120 F.R.D. 123, 126 (D. Colo. 1988) (stating that the losing party does not get a "second bite at the apple" by restating old arguments).

Although the facts are sufficiently recounted in the Court's ruling on August 4, 2009, a brief recitation is helpful.   J. Gerald Dupont ("Dupont"), the owner of property ("Dupont Property") covered by an oil and gas lease, brought suit against Chevron and Energen, among others, for property contamination ("Dupont Litigation").   The parties settled and pursuant to a settlement agreement ("Settlement Agreement"), Energen, Chevron, and a third company agreed to a

---

[1] Although parties often discuss Rule 59 of the Federal Rules of Civil Procedure in conjunction with motions for reconsideration, the plain language of Rule 59 indicates that it only applies after an entry of judgment is made. Fed. R. Civ. Pro. 59.  This distinction is relevant because the time limitations and standards for granting reconsideration are looser under Rule 54(b) than under Rule 59. *Livingston*, 259 F. Supp. 2d at 475.

2

one-time cash payment plus ongoing remediation efforts of the Dupont property. The Settlement Agreement did not allocate between claims or assign fault.

Following the settlement, Chevron brought suit against Energen, seeking reimbursement for its portions of the Settlement Agreement. Chevron's claim arose under indemnification agreements in an Assignment and Bill of Sale ("Assignment") whereby Chevron had previously assigned its interest in the Dupont Property to Energen.[2]

This Court's ruling on August 4, 2009, denied Chevron's motion for summary judgment[3] because the Assignment's indemnification agreements did not clearly and unambiguously establish Energen's intent to indemnify Chevron for its own negligent acts. *See Polozola v. Garlock, Inc.,* 343 So. 2d 1000, 1003 (La. 1977) (stating that indemnity contracts are "strictly construed, and such a contract will not be construed to indemnify an indemnitee against losses resulting to him through his own negligent act, unless such an intention was expressed in unequivocal terms"). Because the Assignment's indemnification agreements lacked such unequivocal terms, the Court reasoned that there remains a genuine

[2] Chevron actually assigned the Dupont Property to Energen's corporate predecessor. For simplicity, however, the Court will not distinguish between parties and their corporate predecessors.

[3] Chevron seeks reimbursement for its portion of the Settlement Agreement and remediation, as well as attorney fees, and expenses of defending itself in the Dupont Litigation, and a declaratory judgment that Energen must pay Chevron's portion of future remediation costs.

3

dispute as to a material fact concerning the portion of the settlement attributable to Chevron's negligence.

Chevron, in its motion for reconsideration, argues that the court erred in not considering the Assignment's assumption of obligation clauses, which Chevron asserts create a responsibility to indemnify Chevron for all causes, even its own negligence. Chevron further argues that even if the Court finds that those assumption of obligation clauses fail to establish Energen's intent to indemnify Chevron for its own negligence, Energen has failed to provide any evidence of Chevron's negligence. Therefore, Chevron argues, Energen has failed to establish that any portion of the Settlement Agreement corresponds to Chevron's negligence, and thus Energen has not truly presented a genuine dispute as to a material fact. The Court first considers whether Energen provided sufficient evidence of Chevron's negligence to survive summary judgment.

<u>Chevron's Negligence</u>

Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party must first inform the court of the basis of its motion and identify the portions of the record that demonstrate the absence of a genuine issue for trial. *Id.* at 323. If that burden is met, the burden then shifts to the non-

4

moving party to establish the existence of a genuine issue for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994).

Although the Court considers any disputed or unsettled facts in the light most favorable to the non-movant, it may not merely rest on allegations set forth in its pleadings. Instead, the non-movant must show that there is a genuine issue for trial by presenting evidence of specific facts. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-movant's burden. *See Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996). If, once the non-movant has been given the opportunity to raise a genuine factual issue, no reasonable juror could find for the non-movant, summary judgment will be granted. *See Celotex,* 477 U.S. at 322; see also Fed. Rule Civ. P. 56(c).

Here, Chevron met its initial burden by clearly informing the Court of its right to indemnification under the Assignment, then providing records supporting that right. Thus, the burden shifted to Energen to establish a genuine factual issue as to why, under the terms of the Assignment, it need not indemnify Chevron for the Dupont Litigation. Accordingly, if Energen can establish evidence of Chevron's negligence, then the Court must decide whether the Assignment entitles Chevron to indemnification for damages resulting from that negligence.

At oral arguments, upon inquiry as to whether Energen could offer any evidence of Chevron's negligence, Energen asserted that Chevron held a fifty

Case 3:08-cv-00076-JJB-CN    Document 99    10/09/2009    Page 5 of 8

percent non-operating interest in the property for eighty years, thus during those eighty years surely some negligence attributed at least one percent to the property contamination.[4] Later, when given a second chance to present evidence, Energen referenced portions of Dupont's opposition to a motion for summary judgment filed in the Dupont Litigation. Notably, that excerpt stated that "Chevron *could* have proposed operations and not approved of others and had therefore control over the operations."[5] These statements offered by Energen do not, however, amount to factual evidence of negligence; they are merely conclusory allegations and as such do not satisfy Energen's burden of offering sufficient evidence to raise a genuine dispute. The Court, thus, finds that Energen has failed to carry its burden on summary judgment.[6]

Because Energen has failed to provide *any* evidence of Chevron's negligence, Energen's argument that it does not have to indemnify Chevron for negligence is specious.[7] As such, whether the Assignment requires indemnification for negligence is a moot issue and the Court will not consider it.

---

[4] Energen also relied on the fact that Chevron lost a motion for summary judgment on the issue of negligence during the Dupont Litigation. Yet, Energen provided no factual evidence for why Chevron should lose such a motion.

[5] Def.'s Surreply Pl.'s Mot. Summ. J., Ex. 1 at 42 (doc. 71-4) (emphasis added).

[6] Counsel for Energen stated that Chevron's negligence was an issue to be decided at trial. While correct, a party must present some evidence to support its claim and establish that evidence actually exists on which to proceed to trial.

[7] Energen also argues that it should not have to indemnify Chevron for any portions of the Settlement Agreement that are allocated to punitive damages. Again, Energen fails to provide any evidence of Chevron's "wanton or reckless disregard of public safety" that would have given rise to punitive damages under the law as then in effect. La. Civ. Code art. 2315.3. Thus, there is no basis to find that any portion of the Settlement

Case 3:08-cv-00076-JJB-CN   Document 99   10/09/2009   Page 6 of 8

As Energen has not provided evidence to establish that any portions of the Settlement Agreement covered claims for which Energen does not owe indemnity, the Court finds that Energen must reimburse Chevron for Chevron's share of the Settlement Agreement, $1,766,666.67, as well as for remediation costs that Chevron has already incurred, $773,207.71.[8] The Court further finds that Energen must reimburse Chevron for all legal fees, costs, and expenses incurred during the Dupont Litigation.[9] Finally, because Energen provides no evidence that damage to the property occurred because of Chevron's negligence, the Court finds that Energen is liable for Chevron's share of any liability for future remediation and restoration of the Dupont Property arising out of the Settlement Agreement.

## Conclusion

For the reasons discussed above, Chevron's motion (doc. 87) for reconsideration is GRANTED; the Court's summary judgment ruling (doc. 86) dated August 4, 2009, is VACATED. As a result, Chevron's motion (doc. 55) for summary judgment is GRANTED. Energen must reimburse Chevron for payments made under the Settlement Agreement ($1,766,666.67). Additionally,

---

Agreement corresponds to punitive damages. The Court, therefore, will not address whether Energen would have had to indemnify Chevron for punitive damages.

[8] Remediation costs are based on the affidavit of Charles R. Greer, Environmental Project Manager for Chevron, submitted in this record. Pl.'s Mot. Summ. J., Ex. 28 at 5 (doc. 55-34).

[9] Chevron claims attorneys' fees, costs, and expenses totaling $773,207.71, but does not provide the requisite affidavits establishing the reasonableness of hours billed.

Case 3:08-cv-00076-JJB-CN     Document 99     10/09/2009     Page 7 of 8

the Court GRANTS Chevron's request for declaratory judgment; Energen shall be liable for any additional remediation of the property at issue as required by the Settlement Agreement and shall reimburse Chevron for remedial costs already incurred ($773,207.71).

The Court also GRANTS to Chevron costs, expenses, and attorneys' fees. Regarding attorneys' fees, Chevron must submit an affidavit establishing the reasonableness of the hours billed, which Energen may traverse. Chevron's request for costs (other than attorneys' fees) is referred to the Clerk of Court to determine the applicable costs.

Signed in Baton Rouge, Louisiana, on October 9th, 2009.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

8